UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION (SPRINGFIELD)

| | |
|---|---|
| LIGHTNING DELIVERY LLC, a foreign limited liability company, conducting business in Missouri as FLASH DELIVERY, LLC d/b/a LIGHTNING DELIVERY LLC, <br><br> Plaintiff, <br><br> v. <br><br> QUIKDINE.COM, INC. d/b/a QUIKDINE, and RANDY RUGGERI <br><br> Serve at: Randy Ruggeri, Registered Agent <br> 4140 S. Fairview <br> Suite 104 <br> Springfield, MO 65807 <br><br> Defendant. | Case No.: <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Lightning Delivery LLC, a foreign limited liability company, conducting business in Missouri as Flash Delivery LLC, d/b/a Lightning Delivery LLC ("Lightning" or "Plaintiff"), by and through its attorneys, states and alleges for its Complaint against Defendants Quikdine.com, Inc. d/b/a Quikdine ("Quikdine") and Randy Ruggeri ("Ruggeri") (collectively "Defendants"), states as follows:

## THE PARTIES

1. Plaintiff Lightning Delivery LLC is a Delaware company registered to do business in Missouri as Flash Delivery LLC d/b/a Lightning Delivery LLC, and doing business in the Springfield, Missouri area under the name Lightning Delivery LLC.

2. On information and belief, Defendant Quikdine.com, Inc. is a Missouri company with its principal place of business at 4140 S. Fairview Suite 104, Springfield, Missouri 65807, and is doing business as Quikdine.

3. On information and belief, Defendant Ruggeri is an individual residing in Springfield, Missouri, and is doing business as Quikdine.com, Inc. and Quikdine.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, 1338, and 1367, because this action arises under (a) the Trademark Laws of the United States, 15 USC § 1051 et seq (the "Trademark Act"); (b) 15 U.S.C. § 1125 et seq. (the "Lanham Act"); and (c) 15 U.S.C. §1125(d) (the "Anticybersquatting Consumer Protection Act").

5. Venue is proper in this District pursuant to 28 U.S.C. §1391 at least because a substantial part of the events giving rise to Plaintiff's claims has occurred in the Western District of Missouri.

## FACTS COMMON TO ALL COUNTS

6. Plaintiff Flash Delivery has been doing business under the name Lightning Delivery in the Springfield, Missouri area since December, 2009.

7. Lightning Delivery provides online restaurant ordering and delivery services for customers in the Springfield, Missouri area.

8. The mark "Lightning Delivery" was registered with the United States Patent and Trademark Office on October 23, 2012, by Lightning Delivery LLC, under Registration Number 4,229,342.

9. Quikdine also provides online ordering and delivery services for restaurant food in the Springfield, Missouri area, and is in direct competition with Lightning.

10. Ruggeri and Quikdine registered the domain name <lightningdelivery.com> on or about January 6, 2012.

11. From approximately January, 2012 until approximately February 1, 2015, Defendants used the domain name <lightningdelivery.com> to redirect traffic to their own website, Quikdine.com.

12. While Defendants operated <lightningdelivery.com>, the webpage utilized a color palate similar to Plaintiff's and listed restaurants that Plaintiff services.

3

13. On or about December 20, 2012, Defendants offered to sell Plaintiff the domain name <lightningdelivery.com> for $25,000, over 27 times what Defendants paid for it.

14. On or about December 29, 2014, plaintiff submitted a Complaint in Accordance With The Uniform Domain Name Dispute Resolution Policy to the National Arbitration Forum.

15. On or about February 1, 2015, the National Arbitration Forum issued its decision, finding that defendants registered and used the domain name <lightningdelivery.com> in bad faith, and ordering that the <lightningdelivery.com> domain name be transferred to plaintiff. (Attached as Ex. 1)

16. On or about December 20, 2012, Plaintiff served Defendants with a cease and desist letter. Plaintiff continued using <lightningdelivery.com> to redirect traffic to their own website until approximately February 1, 2015.

17. Defendants' use of the <lightningdelivery.com> domain name caused confusion in the marketplace, and constitutes a misappropriation of the Lightning Delivery trademark and associated good will.

18. Defendants benefitted from their use of the <lightningdelivery.com> domain name.

19. Plaintiff was damaged by Defendants' use of the <lightningdelivery.com> domain name, in that it suffered lost sales and lost profits, and harm to its trademark's reputation.

20. Defendants' use of the <lightningdelivery.com> domain name was with actual knowledge of Plaintiff's use and ownership of the mark.

## COUNT I:   TRADEMARK INFRINGEMENT
## 15 U.S.C. § 1114

21. Plaintiff realleges and incorporates by reference herein the allegations included in Paragraphs 1 – 20 above.

22. Defendant had a valid, protectable interest in the Trademark "Lightning Delivery."

23. Defendant used plaintiff's Trademark in commerce, in connection with advertising and/or offering for sale goods or services.

24. Defendants' use of <lightningdelivery.com> in connection with the advertising of and offering for sale Plaintiff's own goods and/or services was without the consent of Plaintiff.

25. Defendants' use of the Lightning Delivery trademark to advertise and/or offer for sale its own goods and services was with knowledge of Plaintiff's use and ownership of the mark, and was intended to cause confusion, cause mistake, and/or to deceive.

5

26. Defendants' use of the Lightning Delivery trademark to advertise and/or offer for sale its own goods and services was likely to, and did, cause confusion and mistake, and did deceive customers.

27. Defendants' actions constitute willful infringement of Lightning Delivery's exclusive rights in the Lightning Delivery trademark in violation of 15 U.S.C. § 1114.

28. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost sales, lost profits, and damage to the reputation of its mark.

29. Plaintiff is entitled recover damages, including actual damages sustained by Plaintiff, Defendants' profits, statutory damages, treble damages, and its costs and attorney's fees.

Wherefore, Lightning Delivery LLC, a foreign limited liability company, conducting business in Missouri as Flash Delivery LLC, d/b/a Lightning Delivery LLC prays the Court enter judgment in its favor and against Defendants Quikdine.com, Inc. and Randy Ruggeri, for its actual damages, Defendant's profits, statutory damages, treble damages, and its costs and attorney's fees, and for any other such relief that the court may deem just and proper under the circumstances.

## COUNT II: FALSE DESIGNATIONS OF ORIGIN & FALSE DESCRIPTIONS
## 15 U.S.C. § 1125(a)

30. Plaintiff realleges and incorporates by reference herein the allegations included in Paragraphs 1 – 29 above.

31. Plaintiff had a valid, protectable interest in the Trademark "Lightning Delivery."

32. Defendants used plaintiff's Trademark in commerce, in connection with advertising and/or offering for sale goods or services.

33. Defendants' use of <lightningdelivery.com> in connection with the advertising of and offering for sale Plaintiff's own goods and/or services was without the consent of Plaintiff.

34. Defendants knowingly used the Lightning Delivery Trademark in connection with the selling, offering for sale, and/or advertising the products and services that Defendants manufacture, advertise, promote, and/or sell.

35. Defendants' use of the Lightning Delivery trademark alleged above was likely to, and in fact did, confuse, mislead or deceive customers, purchasers, and the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff.

7

36. Defendant's acts constitute false or misleading descriptions, false advertising, false designations of the origin and /or sponsorship of defendant's goods/services, and constitute infringement in violation of 15 U.S.C. §1125(a).

37. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost sales, lost profits, and damage to the reputation of its mark.

38. Plaintiff is entitled recover damages, including actual damages sustained by Plaintiff, Defendants' profits, statutory damages, treble damages, and its costs and attorney's fees.

Wherefore, Lightning Delivery LLC, a foreign limited liability company, conducting business in Missouri as Flash Delivery LLC, d/b/a Lightning Delivery LLC prays the Court enter judgment in its favor and against Defendants Quikdine.com, Inc. and Randy Ruggeri, for its actual damages, Defendant's profits, statutory damages, treble damages, and its costs and attorney's fees, and for any other such relief that the court may deem just and proper under the circumstances.

### COUNT III: CYBERPIRACY/CYBERSQUATTING
### 15 U.S.C. 1125(d)

39. Plaintiff realleges and incorporates by reference herein the allegations included in Paragraphs 1 – 38 above.

40. Defendants have registered, trafficked in, and/or used the domain name <lightningdelivery.com>.

8

41. The domain name <lightningdelivery.com> is identical or confusingly similar to Plaintiff's trademark, Lightning Delivery.

42. Defendants used the domain name <lightningdelivery.com> to redirect traffic to its own website, Quikdine.com.

43. Defendants offered to sell the domain name <lightningdelivery.com> to Plaintiffs for $25,000, over twenty-seven times what Defendant paid for it.

44. Defendants' actions evidence a bad faith intent to profit from the registration and/or use of the Lightning Delivery trademark in internet domain names.

45. Plaintiff's conduct constitutes a violation of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

46. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost sales, lost profits, and damage to the reputation of its mark.

47. Plaintiff is entitled recover damages, including actual damages sustained by Plaintiff, Defendants' profits, statutory damages, treble damages, and its costs and attorney's fees.

Wherefore, Lightning Delivery LLC, a foreign limited liability company, conducting business in Missouri as Flash Delivery LLC, d/b/a Lightning Delivery LLC prays the Court enter judgment in its favor and against Defendants Quikdine.com, Inc. and Randy Ruggeri, for its actual damages, Defendant's profits, statutory damages,

treble damages, and its costs and attorney's fees, and for any other such relief that the court may deem just and proper under the circumstances.

## COUNT IV: UNFAIR COMPETITION

48. Plaintiff realleges and incorporates by reference herein the allegations included in Paragraphs 1 – 47 above.

49. Plaintiff's conduct of using the <lightningdelivery.com> domain name to redirect traffic to its own website, Quikdine.com, was likely to deceive or mislead prospective customers, in that it caused the mistaken belief that Defendant's business was that of Plaintiff, Defendant was an agent, affiliate, or associate of Plaintiff, or that Defendant's services were produced, sponsored, or approved by Plaintiff.

50. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered harm, including lost sales, lost profits, and damage to the reputation of its mark.

51. Plaintiff is entitled recover damages, including actual damages sustained by Plaintiff, Defendants' profits, and its costs and attorney's fees.

Wherefore, Lightning Delivery LLC, a foreign limited liability company, conducting business in Missouri as Flash Delivery LLC, d/b/a Lightning Delivery LLC prays the Court enter judgment in its favor and against Defendants Quikdine.com, Inc. and Randy Ruggeri, for its actual damages, Defendant's profits, statutory damages,

treble damages, and its costs and attorney's fees, and for any other such relief that the court may deem just and proper under the circumstances.

BROWN & JAMES, P.C.

*(signature)*

Todd A. Lubben, #54746MO
Elizabeth S. Silker, #57640MO
800 Market Street, Suite 1100
St. Louis, Missouri 63101
Phone: 314.421.3400
Fax: 314.242.5480
tlubben@bjpc.com
bsilker@bjpc.com

*Attorneys for Plaintiff*

12529821